IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREGORY A. JONES                                                                   PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:08cv176-MTP

BEN FORD, et al.                                                    DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on January 22, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Will Allen. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Covington County Jail in Collins, Mississippi (the "Jail"), having been convicted of a felony shoplifting charge in January 2009. Prior to his conviction, and at the time he filed the instant lawsuit, Plaintiff was being held at the Jail as a pre-trial detainee.[2] Plaintiff's

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff explained at the hearing that he is awaiting transfer into the custody of the Mississippi Department of Corrections

1

claims were clarified by his sworn testimony during the *Spears* hearing.[3]

Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Having reviewed Plaintiff's allegations, as clarified at the *Spears* hearing, the court finds that certain of his claims should be dismissed.[4]

Plaintiff makes a number of complaints about the conditions of his confinement at the Jail. Plaintiff alleges that he is housed along with three other inmates in a small, six-by-ten foot cell. Plaintiff complains that the cell has no running hot water in its sink, although he concedes that there is hot water available in the shower, and the inmates are taken out of their cells to shower once a day. Plaintiff also complains that there is no other source of drinking water besides the tap water in the sink in his cell - which, in his opinion, it is not sanitary to drink because he and other inmates also use that sink for shaving and brushing their teeth. In addition,

---

[3] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [30], the court is authorized to enter final judgment and make dispositive rulings pursuant to Fed. R. Civ. P. 73 and Local Rule 73.1.

Plaintiff alleges that on one occasion, brown, rusty water came out of the faucet. Plaintiff also claims that he has been made to sleep on a mattress on the floor even though there were beds available, and that this is a problem for him because he has a bad back.[5] Plaintiff complains that he is only allowed to make telephone calls once a day, in the morning, which is inconvenient for him because his family members are not available at that time. Plaintiff would prefer that he be allowed to make phone calls in the evening instead. Plaintiff also claims that his blankets are infrequently washed, and that this is unsanitary. Finally, Plaintiff alleges that his yard calls have either been denied or severely restricted. He claims that it has been three or four months since he has been outside, and that prior to that, he was only going outside twice a week, for twenty minutes at a time.

"[T]he Constitution is not concerned with a *de minimis* level of imposition on pretrial detainees." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004), *aff'd*, 177 Fed. Appx. 377 (5th Cir. Dec. 21, 2005), *cert. denied*, 547 U.S. 1055 (1996) (*citing Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Thus, pretrial detainees' rights are not violated unless they are "subjected to conditions of confinement that constitute punishment which are not reasonably related to a legitimate governmental objective." *Id.* "The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee*, 98 Fed. Appx. at 288 (*citing Bell*, 441 U.S. at 537, 539); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (holding that the Constitution does not protect against conditions of confinement "which cause mere discomfort or inconvenience."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (serving time in prison "is not a guarantee that one

---

[5] Plaintiff averred that he has a bad back, and that sleeping on the floor makes it worse. Plaintiff conceded that he was moved to a bed after the instant lawsuit was filed.

3

will be safe from life's occasional inconveniences."). Liability for conditions of confinement attaches only when a prison official's failure to act amounts to subjective deliberate indifference to a pretrial detainee's rights. *Kirabira v. Bureau of Immigration & Customs Enforcement*, 2009 WL 81095, at * 4 (N.D. Tex. Jan. 12, 2009) (*citing Edward v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000); *Hare v. City of Corinth*, 74 F. 3d 633, 643, 648 (5th Cir. 1996)).

With respect to most of the conditions of his confinement of which plaintiff complains - specifically, the alleged overcrowding of his cell, the lack of running hot water in his cell, the lack of an alternative source of drinking water, the sleeping on a mattress on the floor, the inconvenient times at which he is allowed to make phone calls, and the infrequently washed blankets - Plaintiff has not alleged facts that support a claim that these conditions are not reasonably related to a legitimate governmental purpose, that they were the result of Defendants' subjective deliberate indifference to his rights, or that they are more than *de minimis* conveniences. Accordingly, the court finds that these claims should be dismissed with prejudice. However, the court finds that, at this juncture, Plaintiff has stated a potential claim for violation of his Eighth Amendment rights based on the alleged deprivation of yard calls. Thus, this claim shall go forward.

In addition to the above complaints regarding the conditions of his confinement, Plaintiff alleges that his incoming and outgoing mail have been read. Plaintiff explained at the hearing that he has inferred that Defendant Butler is reading his outgoing mail because she makes comments to him about various things he has written in his letters. With respect to incoming mail, Plaintiff alleges that it is always open when he receives it. Finally, Plaintiff asserts a claim for denial of medical treatment, alleging that Defendant Butler withheld prescribed pain medication from him on several occasions, and that she also gave him prescribed muscle relaxers

4

sporadically, rather than three times a day.[6] The court finds that - at this juncture - Plaintiff has stated claims against Defendants based on these facts. Thus, the remaining claims in this action shall be those based upon the alleged denial of yard calls, denial of medical treatment, and opening and reading of Plaintiff's mail.

Finally, the court must address in which capacity Plaintiff's claims are asserted against the individual Defendants. In his Complaint, Plaintiff does not specify whether he is asserting these claims against Defendants in their individual or official capacities, or both. At the omnibus hearing, Plaintiff clarified that he never had any personal dealings with either Defendant Ben Ford, the Sheriff of Covington County or Jim Kinslow, Chief Deputy Sheriff, and that he was asserting his claims against them because of their control over the Jail. Accordingly, Plaintiff's claims shall go forward against Defendants Ford and Kinslow in their official capacities. With respect to Defendant DeLain Butler, the jailer, Plaintiff alleges that he complained about the conditions at the Jail directly to her, and that she is the person who allegedly withheld his medications and read his mail. Thus, at this time, Plaintiff's claims against Defendant Butler shall proceed as both individual and official capacity claims.

**2. DISCOVERY ISSUES**

Defendants shall produce to Plaintiff a copy of his medical file within thirty (30) days.[7]

---

[6] According to Plaintiff, while at the Jail he was seen at the hospital in Collins and was prescribed muscle relaxers for back spasms caused by a car accident. He was also prescribed pain medication and antibiotics because his teeth were pulled while he was at the Jail.

[7] At the omnibus hearing, counsel for Defendants produced to Plaintiff a copy of all medical records in their possession at that time, and stated that they would produce to Plaintiff the remainder of his records within thirty (30) days. Plaintiff alleges that Defendant Butler withheld his pain medication for two days because she said that the doctor and pharmacist told her that Plaintiff could not take it with his muscle relaxers. Plaintiff disputes that they told her this. Plaintiff also alleges that he is supposed to get his muscle relaxers three times a day, which he sometimes does; however, sometimes he only gets it once a day and sometimes not at all.

5

In addition, if Defendants obtain any additional medical records from third-parties, they shall provide a copy of those records to Plaintiff. Defendants shall also produce to Plaintiff, within thirty (30) day,s the Jail's policies, if any, related to: 1) the handling of inmate mail; and 2) when and how yard calls (time outside) and indoor recreational activities are scheduled and conducted for inmates.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.[8] *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 4. MOTIONS AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is April 1, 2009. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Plaintiff's claims against Defendants based on the alleged conditions of his confinement,[9] as set forth *supra*, are dismissed with prejudice. The claims remaining in this action are Plaintiff's claims based on the alleged denial of yard calls, denial of medical treatment, and the opening and reading of his mail.

---

[8] The court notes that at the omnibus hearing, Plaintiff stated that the only discovery he needed was a copy of his medical records.

[9] As noted *supra*, these claims are: alleged overcrowding of his cell; lack of running hot water in his cell; lack of an alternative source of drinking water; sleeping on a mattress on the floor; inconvenient times for making phone calls; and infrequently washed blankets.

2. Plaintiff's claims against Defendants Ford and Kinslow shall proceed as official capacity claims. Plaintiff's claims against Defendant Butler shall proceed as both individual and official capacity claims.

3. Defendant Ford, Kinslow and Butler's Motion for Qualified Immunity, Stay and Omnibus Hearing [16] is denied as moot with respect to Defendants Ford and Kinslow. As to Defendant Butler, the motion is denied, without prejudice to Defendants' right to re-file it by the motions deadline.

4. Defendants shall produce to Plaintiff the following documents within thirty (30) days: 1) a copy of Plaintiff's medical file; 2) the Jail's policies, if any, related to the handling of inmate mail; and 2) the Jail's policies, if any, related to when and how yard calls (time outside) and indoor recreational activities are scheduled and conducted for inmates.

5. The deadline for the filing of motions (other than motions *in limine*) is April 1, 2009.

6. This order may be amended only by a showing of good cause.

7. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED AND ADJUDGED this the 30th day of January, 2009.

s/ Michael T. Parker
United States Magistrate Judge
