**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GREGORY A. JONES**                                                                   **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:08cv176-MTP**

**BEN FORD, et al.**                                                            **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Defendants' Motion for Summary Judgment [36]. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion is well-taken and should be granted and that Plaintiff's claims against Defendants should be dismissed with prejudice.[1]

<u>Factual Background</u>

Plaintiff Gregory A. Jones filed suit *pro se* on August 19, 2008, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff asserts numerous claims regarding the conditions of his confinement while he was a pre-trial detainee being held at the Covington County Jail in Collins, Mississippi (the "Jail") during 2008.[2] A number of these claims were dismissed with prejudice by Omnibus Order [32] dated January 30, 2009.[3] Thus, the remaining claims in this action, as

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [30], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] Plaintiff was arrested for felony shoplifting on March 5, 2008 and was housed at the Jail while awaiting trial. He pled guilty in January 2009 and continued to be housed at the Jail until he was transferred into the custody of the Mississippi Department of Corrections (subsequent to filing this lawsuit). Plaintiff is currently incarcerated at the George-Greene County/Regional Correctional Facility in Lucedale, Mississippi.

[3] These claims were: overcrowded cell; lack of running hot water; lack of alternative source of drinking water; sleeping on a mattress on the floor; inconvenient times at which he was allowed

1

clarified by Plaintiff's sworn testimony at a omnibus hearing held on January 22, 2009 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[4] are the following: denial of yard calls; denial of medical treatment; and the unauthorized opening and reading of his mail. Plaintiff asserts these claims against Ben Ford, Sheriff of Covington County, in his official capacity; Jim Kinslow, Chief Deputy Sheriff of Covington County, in his official capacity; and DeLain Butler, Jailer of Covington County, in both her individual and official capacities.[5]

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

---

to make phone calls; and infrequently washed blankets.

[4] *See Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[5] In his Complaint, Plaintiff did not specify in what capacity he was suing Defendants. At the *Spears* hearing, Plaintiff clarified that he never had any personal dealings with either Defendant Ford or Kinslow, and that he was asserting claims against them because of their control over the Jail. With respect to Defendant Butler, Plaintiff alleged that he complained to her directly about the conditions at the jail, and that she is the person who withheld his medications and read his mail. Accordingly, based on Plaintiff's allegations, the court found that Plaintiff's claims against Ford and Kinslow would proceed as official capacity claims, whereas Plaintiff's claims against Butler would proceed as both individual and official capacity claims. *See* Omnibus Order [32].

2

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## Analysis

The court initially observes that "the Constitution is not concerned with a *de minimis* level of imposition on pretrial detainees." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004), *aff'd*, 177 Fed. Appx. 377 (5th Cir. Dec. 21, 2005), *cert. denied*, 547 U.S. 1055 (2006)

(citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Thus, pretrial detainees' rights are not violated unless they are "subjected to conditions of confinement that constitute punishment which are not reasonably related to a legitimate government objective." *Id.* "The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment." *Lee v. Hennigan*, 98 Fed. Appx. 286, 288 (5th Cir. Apr. 14, 2004) (citing *Bell*, 441 U.S. at 537, 539); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (holding that the Constitution does not protect against conditions of confinement "which cause mere discomfort or inconvenience."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences."). Thus, liability for conditions of confinement attaches only when a prison official's failure to act amounts to subjective deliberate indifference to a pretrial detainee's rights. *See Kirabira v. Bureau of Immigration & Customs Enforcement*, 2009 WL 81095, at * 4 (N.D. Tex. Jan. 12, 2009) (citing *Edward v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000); *Hare v. City of Corinth*, 74 F.3d 633, 643, 648 (5th Cir. 1996)).

With these general principles in mind, the court will now turn to Plaintiff's specific claims.

<u>Official Capacity Claims (Defendants Ford, Kinslow, Butler and Covington County)</u>

"For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the

4

constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Specifically, in order for Defendants to be liable, Plaintiff must show the existence of a policy, practice or custom of Covington County "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains. *See Grobowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted). Moreover, municipal liability cannot be predicated on a theory of *respondeat superior*, and "[i]solated, unconstitutional actions by municipal employees will almost never trigger liability." *Pietrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted).

Plaintiff nowhere alleges that there was any policy, practice or custom of Covington County - whether with respect to yard calls, medical treatment or the opening and reading of inmates' mail - that was adopted or maintained with deliberate indifference, nor does he allege that such policy was the moving force behind the constitutional violations of which he complains. Plaintiff has presented no evidence whatsoever that any such policies of the Jail existed or that they violated his constitutional rights. At best, Plaintiff's allegations against Defendants amount to "isolated" actions and, therefore, they are insufficient to support his official capacity claims. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims against them in their official capacity.

<u>Individual Capacity Claims (Defendant Butler)</u>

<u>Denial of Yard Calls</u>

Plaintiff claims that his yard calls were either denied or severely restricted. At the *Spears* hearing, Plaintiff stated that when he first arrived at the Jail, he was not given any yard calls until

5

he filed the instant lawsuit, at which point he began to receive yard calls at least twice a week, for twenty minutes at a time. However, Plaintiff claims that he did not receive any yard calls for at least two months prior to the Spears hearing. Plaintiff claims that he complained about this to Defendant Butler, and that she allegedly told him that she would communicate his complaint to Defendant Kinslow. In support of Defendants' Motion for Summary Judgment, Ms. Butler avers that in general, inmates at the Jail are given yard call every day for approximately thirty (30) minutes, subject to weather and security concerns. *See* Affidavit of DeLane Butler (Exh. B to Defs' Motion for Summary Judgment) ¶¶ 2-5.

"Deprivation of exercise is not a *per se* constitutional violation; an extended deprivation of exercise opportunities, however, may violate an inmate's right not to be subjected to cruel and unusual punishment." *Lewis v. Smith*, 2001 WL 1485821, at * 2 (5th Cir. Nov. 13, 2001) (citations omitted); *see also Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982) (stating that "in particular circumstances 'a deprivation [of exercise] may constitute an impairment of health forbidden under the Eighth Amendment.'") (citation omitted). In order to succeed on an Eighth Amendment claim that he was denied adequate recreation, Plaintiff must establish: 1) that prison officials failed to provide him with adequate exercise opportunities; and 2) that prison officials acted with deliberate indifference to a substantial risk of harm to his health and safety. *Lewis*, 2001 WL 1485821, at * 2 (citations omitted).

Even assuming that Plaintiff had established that he was denied adequate exercise opportunities, he has failed to establish that Defendant Butler acted with the requisite deliberate indifference. Indeed, Ms. Butler avers that during Plaintiff's incarceration at the Jail, she "was never aware of any risk to Plaintiff's health and safety." *See* Butler Aff. ¶ 8. Plaintiff has made

no attempt to refute this averment. Moreover, Plaintiff does not allege that his health was endangered as a result of the alleged denial of exercise opportunities, and at the *Spears* hearing, Plaintiff conceded that he had not suffered any physical injury as a result. *See Ordaz v. Lynaugh*, 1994 WL 144882, at * 4 (5th Cir. Apr. 15, 1994) (holding that Plaintiff failed to state a constitutional violation resulting from denial of recreation where he failed to allege health impairment or physical injury). Accordingly, Defendant Butler is entitled to summary judgment on this claim.

Opening and Reading of Mail

Plaintiff contends that Defendant Butler read his incoming and outgoing mail. At the *Spears* hearing, Plaintiff set forth the basis for this claim: that Butler would bring him his incoming mail already opened, and that she also knew what he had written in his outgoing mail, based on certain things she said to him.

As an initial matter, the court notes that Plaintiff cannot even establish a threshold claim that his mail was tampered with, as his only "evidence" of such is his inference that Butler must have done so. This is not sufficient to state a claim. *See Damm v. Cooper*, 288 Fed. App. 130, 131 (5th Cir. July 11, 2008) (plaintiff's "conclusional statements...do not establish a genuine issue as to whether the defendants actually interfered with [his] outgoing mail."); *Whiting v. Kelly*, 255 Fed. Appx. 896, 899 (5th Cir. Nov. 27, 2007) (upholding dismissal of mail tampering claim as frivolous where "plaintiffs' allegations suggested no more than a mere personal belief of retaliatory mail tampering."); *Croycker v. Sweetin*, 2009 WL 903278, at * 4-5 (E.D. Tex. Mar. 31, 2009) (holding that Plaintiff's "suspicion" of mail tampering, based on his belief "that his mail must have been tampered with because he did not receive responses" was not enough to

state a claim).

Moreover, even if Plaintiff had sufficient evidence to establish that Defendant Butler tampered with his mail, he still could not establish a constitutional violation, based on his allegations and the record before the court. "Standing alone...the opening of inmate mail does not state a cognizable constitutional claim." *Henderson v. Johnson*, 201 Fed. Appx. 284, 286 (5th Cir. Oct. 4, 2006) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) (holding that "in order to prevent the sending of contraband, prison authorities may open a prisoner's mail for inspection."));[6] *see also Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (allegation that inmate's mail was opened and read, but not censored, does not rise to the level of a constitutional violation) (citation omitted).[7]

Accordingly, Defendant Butler is entitled to summary judgment on this claim.

Denial of Medical Treatment

Finally, Plaintiff claims that Defendant Butler withheld pain medication from him on several occasions, and that she also gave him prescribed muscle relaxers sporadically, rather than three times a day as prescribed. According to Plaintiff, while at the Jail he was seen at a hospital in Collins, where he was prescribed muscle relaxers for back spasms caused by a car accident, as

---

[6] Ms. Butler avers that as Jailer, she inspects all non-legal incoming mail, as well as outgoing mail, for contraband. *See* Butler Aff. ¶ 9.

[7] Interference with a prisoner's *legal* mail can also constitute a violation of his right to access to the courts. However, Plaintiff has not made such an allegation in this lawsuit. Moreover, such a claim is only cognizable where the inmate establishes that he has suffered "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996); *see also Biliski v. Harborth*, 55 F.3d 160, 162-63 (5th Cir. 1995) (affirming dismissal of Section 1983 claims as frivolous, including claims for denial of access to the courts and for the destruction and/or delay of mail where plaintiff failed to allege how he had been prejudiced). Plaintiff has neither alleged nor made such a showing.

well as pain medication and antibiotics due to the extraction of two teeth on September 22, 2008. Plaintiff alleges that he did not receive his pain medication on the day of the extractions or the following day, and that Defendant Butler told him that she was withholding the pain medication because the doctor and pharmacist had both told her that Plaintiff should not take it in conjunction with the muscle relaxers. Plaintiff claims that Butler finally gave him the pain medication on September 24, 2008, after he threatened to tell his mother.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). An official acts with deliberate indifference only when he or she knows of and disregards an excessive risk to a prisoner's health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted).

To successfully make out a showing of deliberate indifference, Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (quoting *Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Davidson*, 91 Fed. Appx. at 965

9

(citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). Additionally, a prisoner's mere disagreement with the treatment he received will not stand as a basis for § 1983 liability, absent extraordinary circumstances. *Id.* (citing *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Further, "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm*." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis added) (citation omitted).

With respect to the muscle relaxers, a review of Plaintiff's medical records reveals that on March 10, 2008, five days after arriving at the Jail, Plaintiff submitted a sick call form stating that his stomach and back hurt. The next day, March 11, 2008, Plaintiff was taken to the Family Medical Clinic, where he was examined and prescribed the muscle relaxer Tramadol (also known as Ultram) for his back pain, to be taken once every six hours as needed. Plaintiff's prescription was filled that day. *See* Exhs. C-F to Defs' Motion for Summary Judgment. Plaintiff received Ultram twice a day, nearly every day, from March 14, 2008 to March 22, 2008. Plaintiff apparently did not receive the medication on March 21, and received it only once on March 14, March 16 and March 22. *See* Exh. F to Defs' Motion for Summary Judgment. However, Defendant Butler avers that she never denied Plaintiff any medication that had been prescribed for him, and that the only time he did not receive medication was either if he failed to request it or if his prescription had run out. *See* Butler Aff. ¶ 7.

After Plaintiff's prescription for Ultram had run out, Plaintiff was again examined at the Family Medical Clinic on May 21, 2008, because he was complaining about a rash and needed a refill on painkillers for his back pain. *See* Exh. G to Defs' Motion for Summary Judgment . Plaintiff was prescribed another muscle relaxer, Flexeril (also known as Cyclobenzaprine), to be

taken once every four to six hours as needed. The prescription was filled the following day and was thereafter re-filled at least ten times, from June 10, 2008 through December 31, 2008, and was administered to Plaintiff regularly through at least February 2009. *See* Exhs. E & H to Defs' Motion for Summary Judgment. Although there were days when Plaintiff did not receive the medication, again, as discussed above, Defendant Butler avers that she never denied Plaintiff any medication that had been prescribed for him, and that the only time he did not receive medication was either if he failed to request it or if his prescription had run out. *See* Butler Aff. ¶ 7.

Clearly, Plaintiff's medical records, and Defendant Butler's affidavit, belie Plaintiff's allegations that he was given his prescribed muscle relaxers only sporadically. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegation of deliberate indifference.") (*citing Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)). Moreover, in response to Defendants' Motion for Summary Judgment, Plaintiff merely responds that the Jail "on many occassions [sic] failed to provide me with proper medical attention, which will be proved by the very documents that the defendants has [sic] provided to this Honorable court." *See* Plaintiff's Response [39] at 1. "[U]nsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Koch Gateway Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324). Thus, "it is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating conclusory allegations contained in his complaint...." *Paul Kadair, Inc. v. Sony Corp.*, 694 F.2d 1017, 1030 (5th Cir. 1983); *see also U.S. v. Rineer*, 594 F.Supp. 2d 732, 734 (N.D. Tex. Jan. 5, 2009 ( "A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings that are unsupported by specific facts presented

11

in affidavits opposing the motion for summary judgment.") (citing Fed. R. Civ. P. 56(e); *Lujan*, 497 U.S. at 888; *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

As for Plaintiff's allegations regarding denial of pain medication, it does appear from Plaintiff's medical records that there was a delay of approximately twenty-four hours (not forty-eight hours, as Plaintiff alleges) from when Plaintiff was prescribed the pain medication to when he began receiving it.[8] *See* Exhs. E, I & J to Defs' Motion for Summary Judgment. However, Plaintiff has neither alleged nor established that this delay caused him substantial harm. *See Easter*, 467 F.3d at 464; *see also O'Bryant v. Culpepper*, 214 F.3d 1350, at * 1 (5th Cir. 2000) ("Although [plaintiff] was injured on a Saturday and did not receive treatment until the following Tuesday, he cannot show that the delay in treating his injury caused substantial harm."); *Hines v. Cain*, 2007 WL 891880, at * 12 (E.D. La. Mar. 20, 2007) (dismissing claim where delay in treatment "did not cause 'a lifelong handicap or permanent loss' sufficient to constitute a serious medical need for constitutional purposes") (citations omitted). Nor has Plaintiff established that this delay was the result of any deliberate indifference on the part of Defendant Butler. Accordingly, Defendant Butler is entitled to summary judgment on this claim.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [36] is granted and Plaintiff's claims are dismissed with prejudice. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any,

---

[8] Plaintiff had two teeth extracted by the dentist on September 22, 2008, and was prescribed the pain medication Lortab (Hydrocodone). The prescription was filled the following day, on September 23, 2008 and was administered beginning that day until it was completed on September 28, 2008. *See* Exhs. E, I & J to Defs' Motion for Summary Judgment.

are dismissed as moot.

    SO ORDERED AND ADJUDGED on this the 9th day of July, 2009.

                                s/ Michael T. Parker
                                United States Magistrate Judge